UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUA LUNG AMERICA, INC., | CASE NO. C12-CV-56 MJP |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE |
| v. | |
| WATERMARK SCUBA, INC., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion to voluntarily dismiss this case under Fed. R. Civ. P. 41(a)(2). Having reviewed the motion (Dkt. No. 42), response (Dkt. No. 43), reply (Dkt. No. 44), surreply (Dkt. No. 46), and all related documents, the Court GRANTS Plaintiff's motion and DISMISSES this case with prejudice.

**Background**

Plaintiff Aqua Lung America, Inc., a multimillion dollar international manufacturer of diving gear, filed suit against Defendant Watermark Scuba, Inc., a smaller supplier of equipment for scuba divers, for patent infringement. (Dkt. No. 1 at 2.)

ORDER GRANTING PLAINTIFF'S MOTION TO
VOLUNTARILY DISMISS WITH PREJUDICE- 1

Plaintiff filed the present suit in this Court on January 10, 2012.  (Dkt. No. 1.)  Defendant answered Plaintiff's complaint on April 30, 2012.  (Dkt. No. 16.)  On November 2, 2012, the Court denied Plaintiff's request for a preliminary injunction.  (Dkt. No. 38.)  According to the Revised Scheduling Order, both parties were ordered to file a claim construction brief by January 8, 2013.  (Dkt. No. 35 at 2.)  Defendant submitted its claim construction brief on January 7, 2013.  (Dkt. No. 41.)  The next day, instead of submitting its claim construction brief, Plaintiff filed the pending motion requesting dismissal without prejudice.  (Dkt. No. 42.)  Defendant does not object to the dismissal but asks the Court to condition dismissal upon an award of attorney's fees.  (Dkt. No. 43 at 1.)  In reply, Plaintiff converted its motion to dismiss without prejudice to a motion to dismiss with prejudice.  (Dkt. No. 44.)  Defendant filed a surreply to address Plaintiff's amended motion to dismiss with prejudice.  (Dkt. No. 46.)

**Discussion**

I.  No Legal Prejudice to Halt Dismissal

Fed. R. Civ. P. § 41(a)(2) governs the voluntary dismissal of an action in federal court. Rule 41(a)(2) provides that unless a plaintiff files a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or the parties stipulate to the dismissal of the action, "[a]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper ...."  Id.  The decision to grant or deny a motion pursuant to Rule 41(a)(2) is within the sound discretion of the trial court and may be reviewed only for abuse of that discretion.  Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980).  A motion for voluntary dismissal pursuant to Rule 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); Westlands Water Dist. v. United States,

100 F.3d 94, 97 (9th Cir. 1996) (finding that legal prejudice is prejudice to some legal interest, some legal claim, or some legal argument).

Here, an answer has been filed and Plaintiff seeks dismissal by court order. (Dkt. No. 16, 42.) Defendant complains that it has incurred substantial expense in defense of this action. (Dkt. No. 43 at 2.) The Ninth Circuit explicitly rejects this type of expense as a basis for finding legal prejudice warranting the denial of a motion under Rule 41(a)(2). In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995); Hamilton v. Fireston Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). Therefore, Defendant has failed to show that it will suffer legal prejudice in the event of dismissal.

II.     Award of Fees is Unwarranted

Defendant asks this Court to grant Plaintiff's motion to dismiss with prejudice but award Defendant its costs and attorney fees. (Dkt. No. 43.) However, the purpose of awarding costs and attorney fees is to compensate the defendant for the unnecessary expense that the litigation has caused. Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965). Costs and fees are not appropriate when a plaintiff obtains a voluntary dismissal with prejudice because in such a case "the defendant cannot be made to defend again." Id.

However, this bar on attorney fees does not apply to "exceptional cases." 35 U.S.C. §285; Brasseler, U.S.A I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1378 (Fed.Cir. 2001). 35 U.S.C. § 285 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional case" may arise from conduct such as willful infringement, inequitable conduct, misconduct during litigation, vexatious or unjustified litigation, or the filing of a frivolous suit. Sulzer Textil A.G. v. Picanol N.V., 358 F.3d 1356, 1370 (Fed.Cir. 2004); McNeil PPC, Inc. v. Perrigo Co., 337 F.3d 1362, 1371 (Fed.Cir. 2003). In

order to establish an exceptional case, the accused infringer must present clear and convincing proof of bad faith conduct on the part of the patent owner. <u>Reactive Metals & Alloys Corp. v. ESM, Inc.</u>, 769 F.2d 1578, 1582 (Fed.Cir. 1985).

Here, Defendant asked the Court to find this case exceptional and to award reasonable attorney fees under § 285, but failed to prove that this case is exceptional by clear and convincing evidence. <u>Wedgetail, Ltd. v. Huddleston Deluxe, Inc.</u>, 576 F.3d 1302, 1304 (Fed.Cir. 2009); (Dkt. No. 43.) In its surreply, Defendant cites <u>Columbrito</u>, a civil rights case, to support its theory of granting an award of attorney fees in a motion to dismiss with prejudice under §285. <u>Columbrito v. Kelly</u>, 764 F.2d 122, 126 (2nd Cir. 1985). However, even the <u>Columbrito</u> court emphasized that:

> Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, the award of attorney's fees is often made when a plaintiff dismisses an action without prejudice. Yet, in a voluntarily dismissed lawsuit with prejudice under Rule 41(a)(2), attorney's fees have almost never been awarded.

<u>Id.</u> at 133–34. In fact, despite the trial judge's four enumerated reasons for finding the case "vexatious and meritless" and awarding attorney fees, the <u>Columbrito</u> court reversed and found an award of attorney fees improper. <u>Id.</u> at 129, 135. Here, Defendant only points to Plaintiff's inconvenient timing in waiting until Defendant had already filed its claim construction brief to request voluntary dismissal and the alleged lack of merit in the underlying patent infringement action. (Dkt. No. 44.) Yet Defendant failed to provide facts which rise to the level of clear and convincing evidence of bad faith conduct by Plaintiff. (Dkt. No. 44, 46.) Therefore, Plaintiff fails to establish this case as an exceptional circumstance in which fees and costs can be awarded following a voluntary dismissal with prejudice.

## Conclusion

Because Defendant failed to provide facts sufficient to halt dismissal or substantiate an award of attorney's fees, the Court GRANTS Plaintiff's motion and DISMISSES this matter with prejudice. The clerk is ordered to provide copies of this order to all counsel.

Dated this 11th day of March, 2013.

Marsha J. Pechman
United States District Judge